PATRICK S. THOMPSON (SBN 160804)
pthompson@goodwinprocter.com
SUSANNE N. GERAGHTY (SBN 218098)
sgeraghty@goodwinprocter.com
MICHAEL J. MOLONEY III (SBN 259140)
mmoloney@goodwinprocter.com
**GOODWIN PROCTER** LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel: 415.733.6000
Fax: 415.677.9041

JEFFREY A. RICHMOND (SBN 155808)
jrichmond@goodwinprocter.com
**GOODWIN PROCTER LLP**
601 S. Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel: 213.426.2500
Fax: 213.623.1673

Attorneys for Plaintiff
*ZOLL Circulation, Inc.*

CONFORM COPY

FILED
2010 JUL -1 PM 3:50
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

ZOLL CIRCULATION, INC.,

        Plaintiff,

    v.

ELAN MEDIZINTECHNIK GMBH,

        Defendant.

Case No. **SACV10-01010 AG (RNBx)**

**ZOLL CIRCULATION, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

Date:
Time:
Courtroom:  TBD
Judge:  TBD

Goodwin Procter LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111

1   Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff ZOLL

2   Circulation, Inc. ("ZOLL") files this Memorandum of Points and Authorities in

3   support of ZOLL's Motion for a Preliminary Injunction.

## I.   PRELIMINARY STATEMENT

5   Plaintiff ZOLL seeks a preliminary injunction to ensure that its rights can be

6   properly adjudicated in arbitration, which was its bargain, and to prevent the suffering

7   of irreparable harm.  ZOLL manufactures and distributes life saving temperature

8   management technology used with stroke and cardiac victims who are recovering

9   from surgery or are in intensive care.  Prior to May 2010, ZOLL had an exclusive

10  marketing agreement with Defendant Elan Medizintechnik GmbH ("ELan") to

11  distribute ZOLL's temperature management (the "Products") in designated European

12  territories (the "Distribution Agreement").

13  As of May 1, 2010, however, the parties' contractual arrangement expired.

14  Despite clear notice that ELan would no longer be permitted to distribute the Products,

15  ELan continued to hold itself out as a distributor of the Products, meddled with

16  ZOLL's customer arrangements and refused to return the remaining inventory of the

17  Products to ZOLL, as required by the Distribution Agreement.

18  While all disputes arising out of the Distribution Agreement are to be

19  adjudicated in arbitration before the International Chamber of Commerce ("ICC"),[1]

20  ELan has tried to avoid arbitration, choosing instead to engage in self-help.  In

21  particular, ELan has written ZOLL customers about ELan's hopes of remaining a

22  ZOLL distributor, and has persuaded some customers to cease dealing with ZOLL

---

24  [1] The parties agreed to arbitrate all disputes arising out of the Distribution Agreement
    (including the termination thereof) in Orange County, California under the Rules of
25  Arbitration of the International Chamber of Commerce (the "ICC Rules").  On July 1,
26  2010, ZOLL properly filed an arbitration demand with the ICC.  Declaration of
    Susanne N. Geraghty in Support of ZOLL's Motion for Preliminary Injunction
27  ("Geraghty Decl."), Ex. 1.

*Goodwin Procter LLP*
*Three Embarcadero Center, 24th Floor*
*San Francisco, California 94111*

while ELan tries to work out a new distribution deal.  ELan's conduct does not exist in a vacuum.  ZOLL markets and distributes the Products in a competitive marketplace. If ELan is permitted to continue its antics before the ICC is able to constitute an arbitration panel, weigh the parties' arguments, and evaluate appropriate remedies, ZOLL faces the prospect of eroding market share and loss of competitive position, losses for which it would have no remedy at law, equity or in arbitration.

ZOLL seeks a preliminary injunction to preserve the status quo in aid of arbitration.  Although ELan has tried to avoid arbitration, arbitration is the proper venue for ELan to make its case.  ELan should not be permitted to interfere with ZOLL's customer relationships, impugn ZOLL's reputation, and make false claims, before the ICC empanels an arbitrator or can provide provisional relief of its own.

## II.    THE COURT SHOULD GRANT PROVISIONAL RELIEF IN AID OF ARBITRATION

### A.    The ICC Must Adjudicate the Merits of ZOLL's Claims

ZOLL filed an arbitration demand and request for immediate provisional relief with the ICC on July 1, 2010.  Geraghty Decl., Ex. 1.  Pursuant to Article 5.1 of the ICC Rules of Arbitration, ELan has thirty (30) days to respond to the arbitration demand.  Under Article 8.3 of the ICC Rules of Arbitration, the parties must select an arbitrator within thirty (30) days after ELan is served with a copy of the arbitration demand.  Assuming there are no challenges to the arbitrator(s), ZOLL's request for immediate interim relief will not be heard until July 30, 2010 at the earliest.  ZOLL seeks relief from this Court to preserve the parties' agreement to arbitrate and to avoid the irreparable injury that will result in the absence of provisional relief.

### B.    ELan Has Attempted to Avoid Arbitration Before the ICC

Although the Distribution Agreement expressly provides that any disputes must be resolved in arbitration, ELan has tried to avoid appearing in the tribunal before which it agreed to litigate its claims.  ZOLL recently learned that ELan has filed an action for a preliminary injunction in Köln, Germany (the "German Action") seeking

Goodwin Procter LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111

1    a court order directing ZOLL affiliates to continue to supply ELan with products

2    following the expiration of the Distribution Agreement, and ordering ZOLL affiliates

3    to continue to provide ELan set-up, maintenance and warranty services.  Geraghty

4    Decl., Ex. 2.  In the German Action, ELan also asserts claims relating to data privacy

5    issues arising out of the non-renewal of the Distribution Agreement.  *Id.*  By initiating

6    the German Action, ELan has breached its obligation to arbitrate before the ICC "any

7    dispute arising out of or in connection with the Agreement, including any question

8    regarding its existence, validity or termination...."  This Court has an interest in

9    preserving the parties' agreement to arbitrate by entering the requested injunction

10   because the parties agreed to arbitrate any claims in Orange County (and under

11   California law).

12       **C.**    **ZOLL Satisfies the Standards for a Preliminary Injunction**

13       A preliminary injunction "is justified when: (1) the moving party has

14   established a strong likelihood of success on the merits; (2) the balance of irreparable

15   harm favors the moving party; and (3) the public interest favors the issuance of an

16   injunction."  *Regents of University of California v. American Broadcasting*

17   *Companies, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984).  Although this dispute is currently

18   in arbitration, this Court should intervene to provide provisional relief to preserve the

19   status quo and to prevent irreparable harm pending the work of the ICC in addressing

20   the merits of ZOLL's arbitration demand.  *See* Cal. Civ. Code §1281.8(b) (standards

21   for granting provisional relief in aid of arbitration).

22       **1.**    **Absent an injunction, ZOLL will suffer irreparable harm**

23       Where, as here, a former distributor's conduct is likely to cause customer

24   confusion, "irreparable harm is presumed."  *Sunward Electronics, Inc. v. McDonald*,

25   362 F.3d 17, 26 (2d Cir. 2004) (affirming preliminary injunction where former

26   franchisee continued to use plaintiff manufacturer's trademarks and trade names after

27   termination of dealer relationship).  ELan has been falsely representing itself as a

28   distributor of the Products, even though the Distribution Agreement expired on April

*Godwin Procter LLP*
*Three Embarcadero Center, 24th Floor*
*San Francisco, California 94111*

Goodwin Procter LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111

1    30, 2010, and ELan cannot fill the orders it is taking.  Declaration of James Palazzolo

2    in Support of ZOLL's Motion for a Preliminary Injunction ("Palazzolo Decl."), ¶¶ 9-

3    10, 15-26.  In falsely representing itself as a ZOLL distributor, ELan has caused

4    customer confusion about the legitimate source of the Products, has induced

5    customers to reject ZOLL's direct sales efforts, has caused ZOLL to lose sales, and

6    has sullied ZOLL's reputation. *Id.* at ¶¶ 21-29.  ELans' false representations pose a

7    substantial risk to ZOLL's reputation and its relationships with its customers. *Id.* at ¶¶

8    27-29.  This potential loss of customer goodwill constitutes irreparable harm

9    sufficient for the Court to grant the requested relief.  *See Stuhlbarg Int'l Sales Co.,*

10   *Inc. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) (affirming grant of

11   preliminary injunction as "[e]vidence of threatened loss of prospective customers or

12   goodwill certainly supports a finding of the possibility of irreparable harm");

13   *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507. F. Supp. 2d. 1096, 1115 (C.D.

14   Cal. 2007) ("In this Circuit, intangible injuries, such as damage to good will, can

15   constitute irreparable harm.").

16       ZOLL is entitled to control the manner in which its products are marketed,

17   promoted, distributed and sold.  Where a franchisee or a distributor fails to conform to

18   the manufacturer's standard, the detrimental impact on the manufacturer's name and

19   goodwill, coupled with the potential loss of business, constitute irreparable harm. *See*

20   *Dunkin' Donuts Inc. v. Albireh Donuts, Inc.*, 96 F.Supp.2d 146, 149 (N.D.N.Y. 2000)

21   (granting preliminary injunction where product distributor failed to meet trademark

22   holder's quality control standards).  Here the facts are compelling because ELan is no

23   longer an authorized distributor of the Products.  Thus, ELan has no valid basis to

24   make any representations about ZOLL or the Products.  By making false

25   representations, ELan's conduct threatens ZOLL's name, goodwill and poses a threat

26   of a significant loss in revenue, all of which constitute irreparable harm.

27       Although ZOLL need not demonstrate actual confusion to prevail, anecdotal

28   feedback from customers demonstrates that ELan's conduct has in fact had an adverse

1    impact on ZOLL's customers. Palazzolo Decl., ¶¶ 19-27. Based on the false

2    information provided by ELan, several of ZOLL's customers already have refused to

3    purchase products from ZOLL. *Id.* at ¶¶ 22-26.

4              **2.**     **ZOLL is likely to prevail on the merits**

5          ZOLL had a three-year Distribution Agreement with ELan. Palazzolo Decl., ¶¶

6    6-8. The contract expired on April 30, 2010. *Id.* ELan has no genuine argument that

7    it is entitled to continue in its role as an exclusive distributor. None. Given the

8    strength of ZOLL's position on the merits and ELan's continuing misconduct, the

9    Court should order ELan to stop falsely representing itself as a distributor of the

10   Products, from misleading customers about the Products, and from providing false

11   information about ZOLL to ZOLL's customers

**III.   CONCLUSION**

12

13         ZOLL requests a preliminary injunction to preserve the status quo pending an

14   adjudication of the merits of the parties' dispute before the ICC. If ELan is not

15   prevented from falsely representing itself as a ZOLL distributor and is allowed to

16   continue to disseminate false information to ZOLL's customers before the ICC is able

17   to constitute an arbitration panel, weigh the parties' arguments, and evaluate

18   appropriate remedies, ZOLL faces the prospect of irreparable harm, for which ZOLL

19   will have no remedy at law, equity or in arbitration.

20

21

22

23

24

25

26

27

28

Goodwin Procter LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111

**ZOLL CIRCULATION, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION FOR PRELIMINARY INJUNCTION**

1
2        For the foregoing reasons, ZOLL respectfully requests that this Court order
3   ELan immediately to:
4        (a)     Cease and desist from representing itself as a distributor of ZOLL's
5                intravascular temperature control products (the "Products") in Germany,
6                Austria, Czech Republic, Slovakia and Slovenia (the "Territory");
7        (b)     Cease and desist from contacting ZOLL's customers in the Territory
8                concerning the promotion, marketing, sale and/or distribution of the
9                Products; and,
10       (c)     Cease and desist from making false, misleading, and/or defamatory
11               statements about ZOLL and/or the Products.
12
13  Dated:        July 1, 2010                    Respectfully submitted,
14
15                                         By:    _____
                                                 PATRICK S. THOMPSON
16                                               pthompson@goodwinprocter.com
                                                 SUSANNE N. GERAGHTY
17                                               sgeraghty@goodwinprocter.com
                                                 MICHAEL J. MOLONEY III
18                                               mmoloney@goodwinprocter.com
                                                 **GOODWIN PROCTER** LLP
19                                               Three Embarcadero Center, 24th Floor
                                                 San Francisco, California 94111
20                                               Tel: 415.733.6000
                                                 Fax: 415.677.9041
21                                               JEFFREY A. RICHMOND
22                                               jrichmond@goodwinprocter.com
                                                 **GOODWIN PROCTER LLP**
23                                               601 S. Figueroa Street, 41st Floor
                                                 Los Angeles, California 90017
24                                               Tel: 213.426.2500
                                                 Fax: 213.623.1673
25                                               Attorneys for Plaintiff
26                                               *ZOLL Circulation, Inc.*
27
28

Goodwin Procter LLP
Three Embarcadero Center, 24th Floor
San Francisco, California 94111

ZOLL CIRCULATION, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PRELIMINARY INJUNCTION